## Commonwealth v. Cantley

*Oscar F. Spicer, District Attorney*, for Commonwealth.
*Gary E. Hartman*, for defendant.

MacPHAIL, *P. J.*, February 25, 1976—In this case, defendant was charged with two summary offenses and was served with two citations. The citations show that they were issued "on info. rec." On both citations, the time of the offense is set forth as "19:15." At the hearing, the Commonwealth's principal witness testified that the events out of which the charges arose occurred between 5 p.m. and 6 p.m. There is no testimony relating to anything that occurred at 7:15 p.m. It is obvious that the time "19:15" is incorrect. Defendant, at the close of the Commonwealth's case, moved to quash.

Pa.R.Crim.P. 150(a) states that no case shall be dismissed because of informal defects in a citation. However, where the defect is substantive, defendant must be discharged unless a new citation is issued: Pa.R.Crim.P. 150(b). Is an error in stating the time an informal or a substantive defect?: Commonwealth v. Geyer, 22 Cumberland 75

(1972), is authority for the proposition that an incorrect hour of the occurrence is an informal defect. The comment to Pa.R.Crim.P. 150, defining "substantive defect," would also tend to show that the time of the offense is not a substantive matter. Accordingly, we will deny the motion to quash.

Under all the evidence we find for the Commonwealth.

## ORDER

And now, February 25, 1976, the court finds defendant guilty as charged. Defendant shall appear for the imposition of sentence on March 11, 1976, at 9:30 a.m., unless prior thereto he shall have paid a fine of $10 and the costs of prosecution for violating section 601(b) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §601, and a fine of $10 and the costs of prosecution for violating section 625.1 of The Vehicle Code.